**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**MAURICE MASON,
SHARON WADE,
LADAYTON WILLIAMS,
OLLIE HARDMON, and
WILLIE JOE SAFFORD,**

      **PLAINTIFFS**

**VS.**                                                       **CAUSE NO.:** _4:20cv164-DMB-JMV_
                                                     **Jury Trial Demanded**

**CITY OF CLARKSDALE;
COAHOMA COUNTY, MISSISSIPPI;
COAHOMA COUNTY SHERIFF'S OFFICE,
MASTER SERGEANT MARCUS COHEN, individually
and in his official capacity, DEPUTY ERIC BILBRO, individually
and in his official capacity, and JOHN and JANE DOES 1-10**

      **DEFENDANTS.**

## COMPLAINT

COMES NOW, the Plaintiffs, Maurice Mason, Sharon Wade, Ladayton Williams, Ollie Hardmon, and Willie Joe Safford by and through undersigned Counsel, filing this Complaint for Damages and in support thereof, would show this Honorable Court the following, to-wit:

### I.     INTRODUCTION

1.      This is an action against Defendants for federal constitutional violations and state law personal injuries suffered by Plaintiffs as a result of their unlawful detention while Defendants acted under color of state law. Plaintiffs bring this action for compensatory damages under 42 U.S.C. § 1983 because Defendants jointly and/or severally deprived Plaintiffs of their federally-

protected civil liberties and privileges to be free from unreasonable excessive force, to be free from unlawful search and seizure, and to be free from arrest without just cause. U.S. CONST. amends. IV, XIV.

2. As a direct consequence of the policies, practices, and procedures of the City of Clarksdale (hereinafter "Defendant City"), Coahoma County, (hereinafter "Defendant County", Plaintiffs were intentionally deprived of their constitutional rights guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution. Defendant Marcus Cohen, Defendant Eric Bilbro, Defendant Eddie Earl, CPD Officers, and CCSO Deputies (collectively "Defendant Officers")[1], acting within the course and scope of their employment with the City of Clarksdale and County of Coahoma, and acting under color of state law, unjustifiably used excessive and unreasonable force, failed to intervene, and falsely arrested Plaintiffs without probable cause and under circumstances where no reasonable Officer would have done so. Under well-established law on the above violations, Defendant Officers are not entitled to qualified or other immunity for these actions.

## II. JURISDICTION AND VENUE

3. This action is brought pursuant to 42 U.S.C. § 1983 and § 1988 and the Fourth and Fourteenth Amendment to the United States Constitution, made applicable to Defendants through the Fourteenth Amendment to the United States Constitution. This Court has jurisdiction over Plaintiffs' claim under 28 U.S.C. § 1331 (federal question) and under 28 U.S.C. § 1343(a)(3)

---

[1] The true names and capacities of Defendant Officers are currently unknown to Plaintiffs who therefore sues these Defendants by assumed names. However, Defendant Officers are believed to be individual officers of the Clarksdale Police Department and deputies of Coahoma County Sheriff's Office. Plaintiffs are informed and believe, and therefore allege, that each of the Defendant Officers violated Plaintiffs' federal constitutional rights or are otherwise legally responsible in some other actionable manner for the events and happenings referred to in this Complaint, and that Plaintiffs' injuries and damages as alleged in this Complaint were caused by that violation or wrongful conduct. Plaintiffs will amend this Complaint and state the true names and/or capacities of Defendant Officers when they have been ascertained.

(civil rights). This Court further has jurisdiction over Plaintiffs' state law claims under 28 U.S.C. §1367 (supplemental jurisdiction) as those claims from part of the same case or controversy under Article III of the United States Constitution.

4.        Venue is proper under 28 U.S.C. § 1391(b) because Defendant City and Defendant County are deemed to be chartered and incorporated in any judicial district in which it is subject to the Court's personal jurisdiction with respect to the civil action in question; Defendant Officers are employees of Defendant City and Defendant County who acted in their official capacity or under color of legal authority; and all events, actions, and injuries giving rise to this claim occurred within the Northern District of Mississippi.

### III. PARTIES

5.        Plaintiff Maurice Mason, (hereinafter "Plaintiff Mason"), is an adult citizen of Coahoma County, Mississippi, who resides at Clarksdale, Mississippi within the Northern District of Mississippi.

6.        Plaintiff Sharon Wade, (hereinafter "Plaintiff Wade"), is an adult citizen of Coahoma County, Mississippi, who resides at Clarksdale, Mississippi, within the Northern District of Mississippi.

7.        Plaintiff Ladayton Williams, (hereinafter "Plaintiff Williams"), is an adult citizen of Coahoma County, Mississippi, who resides at Clarksdale, Mississippi, within the Northern District of Mississippi.

8.        Plaintiff Ollie Hardmon, (hereinafter "Plaintiff Hardmon"), is an adult citizen of Coahoma County, Mississippi, who resides at Clarksdale, Mississippi, within the Northern District of Mississippi.

9.        Plaintiff Willie Joe Safford, (hereinafter "Plaintiff Safford"), is an adult citizen

of Coahoma County, Mississippi, who resides at Clarksdale, Mississippi, within the Northern District of Mississippi.

10.    Defendant City is a municipality, duly incorporated under the laws of the State of Mississippi within the United States District for the Northern District of Mississippi and, as such, is a political subdivision of the State of Mississippi. Amongst its many functions, the City of Clarksdale operates and maintains a law enforcement agency known as the Clarksdale Police Department (hereinafter "CPD"). The City is under a duty to operate its police activities in a lawful manner to preserve the peace and dignity of the City and the rights, privileges, and immunities guaranteed and secured to its residents and visitors pursuant to the Constitution and the laws of the State of Mississippi. The City may be served with process through Mayor Henry William Espy III or City Clerk Cathy Clark at 121 Sunflower Avenue, Clarksdale, MS 38614.

11.    Defendant County is a municipality, duly incorporated under the laws of the State of Mississippi within the United States District for the Northern District of Mississippi and, as such, is a political subdivision of the State of Mississippi. Amongst its many functions, the Defendant County operates and maintains a law enforcement agency known as the Coahoma County Sheriff's Office (hereinafter "CCSO"). Defendant County is under a duty to operate its law enforcement activities in a lawful manner to preserve the peace and dignity of the County and the rights, privileges, and immunities guaranteed and secured to its residents and visitors pursuant to the Constitution and the laws of the State of Mississippi. Defendant County may be served with process by effectuating the same upon the Chancery Clerk for Coahoma County, Mississippi, at the Coahoma County Courthouse located at 115 1st St., #106, Clarksdale, Mississippi 38614.

12.    Defendant CCSO is a subdivision of Coahoma County, Mississippi, and may be served with process through Sheriff Charles Jones, and/or the Chancery Clerk of Coahoma County,

Mississippi.

13.     Defendant Chief Deputy Leon Williams (hereinafter "Defendant Williams") is an individual employed in Coahoma County, Mississippi. The acts and omissions complained of herein arise from the conduct of Defendant Williams while he was acting under color of state law, and each act and omission was committed pursuant to Defendant Williams' employment and authority as a deputy with the CCSO. Defendant Williams is sued in his official and individual capacities.  Defendant Williams may be served with process at the CCSO, which is located at 63 Sunflower Avenue, Clarksdale, Mississippi 38614.

14.     Defendant Master Sergeant Marcus Cohen (hereinafter "Defendant Cohen") is an individual employed in Coahoma County, Mississippi. The acts and omissions complained of herein arise from the conduct of Defendant Cohen while he was acting under color of state law, and each act and omission was committed pursuant to Defendant Cohen's employment and authority as a deputy with the CCSO. Defendant Cohen is sued in his official and individual capacities.  Defendant Cohen may be served with process at the CCSO, which is located at 63 Sunflower Avenue, Clarksdale, Mississippi 38614.

15.     Defendant Deputy Eric Bilbro (hereinafter "Defendant Bilbro") is an individual employed in Coahoma County, Mississippi. The acts and omissions complained of herein arise from the conduct of Defendant Bilbro while he was acting under color of state law, and each act and omission was committed pursuant to Defendant Bilbro's employment and authority as a deputy with the CCSO. Defendant Bilbro is sued in his official and individual capacities. Defendant Bilbro may be served with process at the CCSO, which is located at 63 Sunflower Avenue, Clarksdale, Mississippi 38614.

16.     Defendant Deputy Eddie Earl (hereinafter "Defendant Earl") is an individual

employed in Coahoma County, Mississippi. The acts and omissions complained of herein arise from the conduct of Defendant Earl while he was acting under color of state law, and each act and omission was committed pursuant to Defendant Earl's employment and authority as a deputy with the CCSO. Defendant Earl is sued in his official and individual capacities. Defendant Earl may be served with process at the CCSO, which is located at 63 Sunflower Avenue, Clarksdale, Mississippi 38614.

17.     Defendant Deputy Demetria Moore (hereinafter "Defendant Moore") is an individual employed in Coahoma County, Mississippi. The acts and omissions complained of herein arise from the conduct of Defendant Moore while she was acting under color of state law, and each act and omission was committed pursuant to Defendant Moore's employment and authority as a deputy with the CCSO. Defendant Moore is sued in her official and individual capacities. Defendant Moore may be served with process at the CCSO, which is located at 63 Sunflower Avenue, Clarksdale, Mississippi 38614.

18.     Defendant Deputy Otha Hunter (hereinafter "Defendant Hunter") is an individual employed in Coahoma County, Mississippi. The acts and omissions complained of herein arise from the conduct of Defendant Hunter while he was acting under color of state law, and each act and omission was committed pursuant to Defendant Hunter employment and authority as a deputy with the CCSO. Defendant Hunter is sued in his official and individual capacities. Defendant Hunter may be served with process at the CCSO, which is located at 63 Sunflower Avenue, Clarksdale, Mississippi 38614.

19.     Defendant Officer Johnny Jones (hereinafter "Defendant Jones") is an individual employed in Clarksdale, Coahoma County, Mississippi. The acts and omissions complained of herein arise from the conduct of Defendant Jones while he was acting under color of state law, and

each act and omission was committed pursuant to Defendant Jones employment and authority as an officer with the Clarksdale Police Department. Defendant Jones is sued in his official and individual capacities. Defendant Jones may be served with process at the Clarksdale Police Department, which is located at 121 Sunflower Ave, Clarksdale, MS 38614.

20.     Defendant Officer Fernando Harris (hereinafter "Defendant Harris") is an individual employed in Clarksdale, Coahoma County, Mississippi. The acts and omissions complained of herein arise from the conduct of Defendant Harris while he was acting under color of state law, and each act and omission was committed pursuant to Defendant Harris employment and authority as an officer with the Clarksdale Police Department. Defendant Harris is sued in his official and individual capacities. Defendant Harris may be served with process at the Clarksdale Police Department, which is located at 121 Sunflower Ave, Clarksdale, MS 38614.

21.     Defendants John and Janes Does 1-10, whose identities are unknown to the Plaintiff at this time, are upon information and belief, deputies and/or employees of the CPD and CCSO. All allegations and claims asserted herein against the named Defendants are incorporated herein by reference against John and Janes Does 1-10. Said John and Janes Does 1-10, when their identities are known, will be named and joined in this action, if necessary, pursuant to Federal Rules of Civil Procedure.

## IV. FACTS

22.     On or about the early morning hours of March 9, 2020, Plaintiffs Wade, Williams, and Safford were asleep at the residence located at 907 Pecan Street, Clarksdale, MS 38614.

23.     Plaintiff Hardmon was administering a breathing treatment for COPD to himself near the living room of the residence.

24.     Plaintiff Mason was awake on the sofa in the living room of the residence when he

saw what appeared to be a flashlight pass by the front door of the residence.

25.     Without warning and without announcing themselves[2], Defendant Officers aggressively and violently forced themselves into the residence.

26.     Upon entry of the residence, without warning and without probable cause or provocation from either Plaintiff, Defendant Officers fired their duty weapons indiscriminately at Plaintiffs inside the residence shooting Plaintiff Mason multiple times with their duty weapons, striking him in his arm, legs, hand, and shoulder.

27.     Defendant Officers firing their duty weapons also struck the structure and caused Plaintiff Wade, Plaintiff Williams, Plaintiff Hardmon and Plaintiff Safford to seek shelter out of fear for their respective lives.

28.     At no time did Plaintiff Mason possess a weapon nor did Plaintiff Mason exhibit or aim a weapon at Defendant Officers that would objectively or subjectively trigger this unprovoked use of lethal force. In fact, no weapon was found in the house.

29.     At no time did any Plaintiff make an aggressive action that caused Defendant Officers to believe that the use of lethal force was ever necessary in this unprovoked attack.

30.     There were no weapons present at the residence occupied by Plaintiffs nor were weapons found on either Plaintiffs' person.

31.     Without probable cause or justification, Defendant Officers placed Plaintiff Wade, Plaintiff Williams, Plaintiff Hardmon, and Plaintiff Safford in handcuffs and aggressively and unreasonably placed them on the ground.

---

[2] Plaintiffs allege that Defendant Officers executed a "No Knock" search warrant on the subject residence although the warrant does not appear to authorize such action. While the incident report prepared by the Mississippi Bureau of Investigation states "the sheriff's department announced their presence with lights, sirens, and verbally announced that they had a warrant to search the home," Plaintiffs allege there were no lights, sirens, or verbal announcements that would have alerted Plaintiffs that Defendant Officers were present at the residence.

32.     To add insult to injury, Defendant Officers maliciously and unreasonable trashed the residence in the execution of the warrant and confiscated video surveillance from cameras installed at the residence, resulting in further damage to the residential property.

33.     As a direct and proximate result of the injuries caused the actions and omissions of Defendant Officers, Plaintiff Hardmon was transported, via ambulance, to Merit Health Northwest Mississippi (formerly known as "Northwest Mississippi Regional Medical Center").[3]

34.     As a direct and proximate result of the injuries caused by the actions and omissions of Defendant Officers, Plaintiff Mason was transported, via helicopter, to Regional One Health (formerly known as "The Med") in Memphis, Shelby County, Tennessee.

35.     While at Regional One Health, Plaintiff Mason required multiple surgeries to remove several rounds of ammunition from his body.[4]

36.     After multiple surgeries to remove fragments of ammunition from Plaintiff Mason's body, several rounds of ammunition discharged from Defendant Officers' duty weapons could not be removed and continue remain in Plaintiff Mason's body.

37.     As a direct and proximate cause of the aforementioned injuries caused by Defendant Officers' actions and omissions, Plaintiffs are still undergoing medical treatment and will continue to endure future pain and suffering, as well as medical expenses.

38.     As a result thereof, Plaintiffs are fearful of any future contact with law enforcement due to their encounter with Defendant Officers.

## V. CIVIL RIGHTS CLAIM

---

[3] While Plaintiff Hardmon was not struck by rounds of ammunition from Defendant Officers, the gravity and extreme actions of Defendant Officers caused Plaintiff Hardmon to experience severe breathing problems which required additional medical treatment.

[4] It is believed that Plaintiff Mason's body was pierced with at least seventeen (17) individual and different entry wounds.

39.     Plaintiffs reallege paragraphs 1 through 38 of this Complaint and incorporates

them herein by reference.

40.     The Civil Rights Act, codified as 42 U.S.C. § 1983, provides as follows:

> Every person who, under color of any statute,
> ordinance, regulation, custom or usage, of any state or
> territory or the District of Columbia, subjects, or causes
> to be subjected, any citizen of the United States or any
> other person within the jurisdiction thereof to the
> deprivation of any laws, privileges or immunities
> secured by the Constitution and laws, shall be liable to
> the party injured in an action at law, suit in equity, or
> other proper proceeding for redress.

41.     Plaintiffs allege that Defendants, jointly and/or severally, deprived them of their

Fourth Amendment right, and those rights, privileges, and immunities secured by the Fifth and

Eighth Amendments to the Constitution as incorporated and applied to the states through the

Fourteenth Amendment. Defendants violated Plaintiff's rights in the following ways:

A.     By falsely arresting Plaintiffs in violation of the Fourth
Amendment and its reasonableness standard to be free from
unreasonable, unlawful search and seizure, when no
probable cause existed to make an arrest;

B.     By using excessive force when detaining Plaintiffs;

C.     By failing to intervene while companion Defendant Officer
violated Plaintiffs' constitutional rights.

D.     By failing to provide supervision and/or proper training to
prevent such incidents of excessive force and false arrest.

Defendants' violations of Plaintiffs' constitutional rights resulted in their suffering and

were a direct cause of their injuries.

## A. CLAIM ONE: 42 U.S.C. § 1983 — PEACE DEPUTY LIABILITY

### 1. Unlawful Seizure

42.     Plaintiffs reallege paragraphs 1 through 41 of this Complaint and incorporates them

herein by reference.

43.     Plaintiffs bring this claim against Defendant Officers, individually as well as in their official capacity, pursuant to 42 U.S.C. § 1983 and for punitive damages.

44.     At all material times, Defendant Officers were acting under color of state law as agents and employees of Defendant City and Defendant County. Defendant Officers wore their official CCSO and CPD uniform and were acting within the course and scope of their duties as Clarksdale Police Department Officers and Coahoma County Sheriff's Deputies at all times relevant during this cause of action.

45.     Plaintiffs demonstrate how Defendant Officers violated their federal constitutional rights and civil liberties guaranteed by the Fourth and Fourteenth Amendments by falsely detaining them.

46.     Defendant Officers unlawfully acted under the color of state law to deprive Plaintiffs of their Fourth Amendment right to be free from unlawful seizure by detaining Plaintiffs without a warrant, without witnessing a criminal act, and without probable cause to believe a crime had occurred or was about to occur.

47.     Defendant Officers used and abused their badges and their authority bestowed by CPD and CCSO to interfere with Plaintiffs' liberty without reasonable and just cause in violation of the Fourth Amendment.

48.     Defendant Officers lacked probable cause to detain Plaintiffs based on the surrounding circumstances of their seizure.

49.     At the time of the incident, there were no outstanding warrants for Plaintiffs' arrest.

50.     At the time of the incident, no Plaintiff fled or attempted to flee Defendant Officers or the residence.

51.     No Plaintiff made any verbal or gesture that would subjectively or objectively give Defendant Officers reason to believe Plaintiffs needed to be detained.

52.     As a direct and proximate cause of this false arrest, Plaintiffs suffered federal civil liberty violations, public humiliation, physical injury, medical expenses, lost wages, and mental and emotional distress.

## 2.  Excessive Force

53.     Plaintiffs reallege paragraphs 1 through 52 of this Complaint and incorporates them herein by reference.

54.     Plaintiff brings this claim against Defendant Officers, individually as well as in their official capacity, pursuant to 42 U.S.C. § 1983 and for punitive damages.

55.     At all material times, Defendant Officers were acting under color of state law as agents and employees of Defendant County and Defendant City.  Defendant Officers wore their official CCSO and CPD uniform and were acting within the course and scope of their duties as Coahoma County Sheriff's Deputies and Clarksdale Police Officers at all times relevant to this cause of action.

56.     Plaintiffs assert Defendant Officers violated their federal constitutional guarantees of the Fourth Amendment, incorporated to the states by the Fourteenth Amendment, to be free from excessive force.

57.     Force is excessive, and therefore violates the Fourth Amendment, if it is not reasonable considering the circumstances facing the officer.  *See Graham v. Connor*, 490 U.S. 386, 398 ( 1989).  The facts and circumstances of this case show that Defendant Officers act of arresting Plaintiffs were excessive and unreasonable.

58.     Upon arriving at the residence, Defendant Officers never knocked nor announced

themselves, and never gave Plaintiffs an opportunity to comply with any order.

59.     Plaintiffs did not commit a criminal act in Defendant Officers' presence warranting arrest.

60.     At the time of the incident, Defendant Officers had no reason to believe either Plaintiff were armed or dangerous.

61.     No Plaintiff made a violent movement towards Defendant Officers or any other person that could be objectively or subjectively interpreted as an immediate threat to the safety of Defendant Officers or others.

62.     Plaintiffs made no verbal threats to Defendant Officers or any other person at any time of this incident nor did Plaintiffs make any attempt to resist arrest or evade arrest by fleeing.

63.     Without observing a weapon or any immediate threat to the safety of Defendant Officers, Defendant Officers fired their weapons indiscriminately at Plaintiffs where no reasonable officer on the scene would have done so.

64.     Defendant Officers' actions were unreasonable and unwarranted under the circumstances when comparing or balancing the amount of force used against the need for the force under the current circumstances.

65.     Therefore, by using subjectively and objectively unreasonable force while acting under color of state law, Defendant Officers violated Plaintiffs' rights under the Fourth and Fourteenth Amendments to the United States Constitution.

66.     As a direct and proximate cause of Defendant Officers' excessive force, Plaintiffs suffered federal civil liberty violations, public humiliation, physical injury, medical expenses, lost wages, and mental and emotional distress.

### 3. Failure to Intervene – Defendant Officers and John and Janes Does 1-10, Respectively

67.     Plaintiffs reallege paragraphs 1 through 66 of this Complaint and incorporates them herein by reference.

68.     Plaintiffs bring this claim against Defendants, in their official capacity, pursuant to 42 U.S.C. § 1983 and for punitive damages.

69.     At all material times, Defendant Officers were acting under color of state law as agents and employees of Defendant County and Defendant City. Defendant Officers wore their official CCSO and CPD uniform and were acting within the course and scope of their duties as Coahoma County Sheriff's Deputies and Clarksdale Police Officers at all times relevant to this cause of action.

70.     Plaintiffs assert Defendant Officers violated their federal constitutional guarantees of the Fourth Amendment, incorporated to the states by the Fourteenth Amendment, and their Substantive Due Process rights by failing to intervene as companion Officers.

71.     Officers have a duty to protect individuals from constitutional violations by fellow Officers. Therefore, an Officer who witnesses a fellow Officer violating an individual's constitutional rights is liable to the victim for failing to intervene.

72.     Defendant Officers failed to protect Plaintiffs from a danger they proactively created and aggravated.

73.     Defendant Officers unjustifiably drawing their weapons towards and indiscriminately firing their weapons upon Plaintiffs placed the Plaintiffs in a substantial risk of harm.

74.     Defendant Officers shooting Plaintiff Mason caused physical harm to Plaintiff

Mason's person.

75.     Defendant Officers' actions were unnecessary and excessive considering the circumstances surrounding the incident.

76.     Defendant Officers' actions and inactions were egregious and arbitrary.

77.     Defendant Officers failed to prevent one another from causing or placing Plaintiffs in direct and an unreasonable risk of harm, further violating their federal civil liberties.

78.     Defendant Officers each had reason to know that the other had a history of misbehavior and using excessive force.

79.     Defendant Officers each had reason to know that a constitutional violation had been committed by the other, and Defendant Officers had a realistic opportunity to intervene to prevent the risk of harm from occurring.

80.     Defendant Officers also shared a law enforcement association where each respectively understood the policies and procedures in detaining and/or arresting a suspect and that such policies and procedures that would immediately violate an individual's constitutional rights if not complied with.

81.     As a direct and proximate cause of Defendant Officers' actions and inactions, Plaintiffs suffered federal civil liberty violations, public humiliation, physical injury, medical expenses, lost wages, and mental and emotional distress.

## B.  CLAIM TWO: 42 U.S.C. § 1983 — MUNICIPAL LIABILITY

82.     Plaintiffs reallege paragraphs 1 through 81 of this Complaint and incorporate them herein by reference.

83.     Plaintiffs bring this claim against Defendant County and Defendant City.

84.      Plaintiffs assert that their constitutional rights were violated when Defendant

Officers falsely seized Plaintiffs, used excessive force to execute said seizure, and each Officer respectively failed to intervene as he witnessed his fellow Officer violate Plaintiffs' constitutional rights.

85.     Defendant County is also liable under 42 U.S.C. § 1983 for failing to supervise and train its deputies. In addition, the County's failure to supervise and train its deputies, and the County's willful blindness towards the constitutional violations of its employees, constitute gross negligence and/or deliberate and conscious indifference to citizens' rights, including the right to be free from constitutional violations under 42 U.S.C. § 1983 and 1988.

86.     Defendant City is also liable under 42 U.S.C. § 1983 for failing to supervise and train its officers. In addition, the City's failure to supervise and train its officers, and the City's willful blindness towards the constitutional violations of its employees, constitute gross negligence and/or deliberate and conscious indifference to citizens' rights, including the right to be free from constitutional violations under 42 U.S.C. § 1983 and 1988.

87.     Additionally, municipalities may be held liable under 42 U.S.C. § 1983 for constitutional torts that are committed pursuant to a policy, procedure, practice, or custom of the municipality. Even if the County's and the City's practice of overlooking constitutional torts was not authorized by an officially adopted policy, the practice may be so common and well-settled that it fairly represents official policy. *See Bd. of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 404 (1997).

88.     In the present case, Defendant County's formal and informal actions reflect a policy, practice, custom and procedure authorizing and allowing constitutional rights violations. Consequently, the County is liable for harm caused to Plaintiffs as a result of its policies, practices customs and procedures.

89.     In the present case, Defendant City's formal and informal actions reflect a policy, practice, custom and procedure authorizing and allowing constitutional rights violations. Consequently, the City is liable for harm caused to Plaintiffs as a result of its policies, practices customs and procedures.

90.     Defendant County and Defendant City are liable for the constitutional torts of Defendant Officers because the County and City sanctioned the following customs, practices, and policies:

(A)    Using unreasonable and excessive force to carry out detentions and/or arrests;

(B)    Arbitrarily using arrests when they are not necessary or permitted by law;

(C)    Ignoring the serious need for training and supervision of its Officers regarding its policies and procedures when conducting detentions and/or arrests;

(D)    Failing to adequately supervise and/or observe its Officers;

(E)    Failing to adequately train Officers regarding the availability of alternative means other than the use of arrests, force, or excessive force without probable cause;

(F)    Failing to discharge Officers who have shown a pattern or practice of misbehavior.

(G)    Failing to discharge Officers who have shown a pattern or practice of using excessive force;

(H)    Failing to exclude Officers who have shown a pattern or practice of misbehavior and using excessive force from taking part in the execution of warrants.

(I)    Failing to adequately screen Officers who have shown a pattern or practice of using excessive force before hiring said officer;

(J)     Failing to inform future employer of Officers who have shown a pattern or practice of using excessive force when future employer has inquired; and

> (K)     Adopting a practice whereby Officers who are unfit for peace
> Officer duties, as shown by prior actions in the line of duty, are
> allowed to retain their positions.

91.     At the time Defendant Officers seized Plaintiffs, they were acting pursuant to an official County and City policy, practice, custom and procedure overlooking and/or authorizing police Officer's excessive use of force and unlawful seizure. *See Monell v. New York County Dept. of Social Servs.*, 436 U.S. 658, 659 (1978).

92.     Thus, Defendant County's and Defendant City's failure to supervise and train its officers, and its willful blindness towards the constitutional violations of its employees was a direct cause of Plaintiffs' injuries.

### 1.     **Failure to Train a Single Police Deputy.**

93.     Plaintiffs reallege paragraphs 1 through 92 of this Complaint and incorporate them herein by reference.

94.     A County and a City may be held liable for its failure to train a single officer when the policymakers know about the pattern of unconstitutional misconduct and the Officer's acts were so egregious that the County or City should have had clear warning that the particular Officer posed a danger to citizens. *See Pineda v. County of Houston*, 124 F. Supp. 2d 1057, 1068 (S.D. Tex. 2000).

95.     With respect to Defendant Officers, the need for additional or different training was necessary considering the circumstance of this incident. Defendant County and Defendant City knew that Defendant Officers were likely to engage in other acts of wrongful conduct, yet Defendant County and Defendant City continuously failed to discipline, supervise, or train Defendant Officers.

96.     Defendant County's and Defendant City's acts and omissions, when viewed

objectively, involved an extreme degree of risk considering the probability and magnitude of harm to citizens. Defendant County and Defendant City had actual, subjective awareness of the risks involved, but nevertheless preceded with conscious indifference to the rights, safety, or welfare of others, including Plaintiffs.

97.     Thus, considering the substantial risks posed by Defendant Officers, Defendant County's and Defendant City's failure to train them constitutes gross negligence and/or deliberate and conscious indifference to the rights, safety, and welfare of others, including Plaintiffs.

## VII. DAMAGES

98.     Plaintiffs reallege paragraphs 1 through 97 of this Complaint and incorporates them herein by reference.

99.     In addition to the damages mentioned in the preceding paragraphs as a direct and proximate result of the intentional and unlawful conduct of Defendants, Plaintiffs have suffered, and in reasonable probability, will continue to suffer damages.

100.     In addition, Defendant Officers are liable for compensatory and exemplary damages arising from their negligence and gross negligence.

## VIII. ATTORNEY'S FEES

101.     Plaintiffs reallege paragraphs 1 through 100 of this Complaint and incorporate them herein by reference.

102.     Plaintiffs are entitled to recover attorney's fees and costs as required by the Civil Rights Attorney's Fees Award Act of 1976. 49 U.S.C. § 1988. Plaintiffs hereby requests that the Court and jury award his attorney's fees and expenses.

## IX. JURY DEMAND

103.     Plaintiffs respectfully demands a jury trial pursuant to FED. R. CIV. P. 8(b).

Plaintiffs further respectfully demand a bench trial to hear their claims under the Mississippi Tort Claims Act.

**X. PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request that Defendants be cited to appear and answer herein, and that Plaintiffs have judgment against Defendants, jointly and/or severally, for actual damages above the jurisdictional minimum of the Court; exemplary damages; pre-judgment interest; post-judgment interest, court costs, attorney's fees and expenses, and all other relief to which Plaintiffs are justly entitled, at law or in equity. Plaintiff Mason prays for relief in the amount of $10,000,000.00. Plaintiff Wade prays for relief in the amount of $5,000,000.00. Plaintiff Williams prays for relief in the amount of $5,000,000.00. Plaintiff Hardmon prays for relief in the amount of $5,000,000.00. Plaintiff Safford prays for relief in the amount of $5,000,000.00.

Respectfully submitted this the 17th day of September, 2020.

ATTORNEYS FOR PLAINTIFF

**/s/ John Keith Perry, Jr.**
John Keith Perry, Jr. (MSB No.: 99909)
Garret T. Estes (MSB No.:105517)
**PERRYGRIFFIN, P.C.**
5699 Getwell Road, Bldg. G, Suite 5
Southaven, MS 38672
Tele:   (662) 536-6868
Fax:    (662) 536-6869
Email: JKP@PerryGriffin.com
          GE@PerryGriffin.com