**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**MAURICE MASON,**
**SHARON WADE, LADYTON WILLIAMS**
**OLLIE HARDMON and WILLIE JOE SAFFORD**                                   **PLAINTIFFS**

**v.**                                                       **CIVIL ACTION NO. 4:20-CV-164-DMB-JMV**

**CITY OF CLARKSDALE; COAHOMA COUNTY,**
**MISSISSIPPI; COAHOMA COUNTY SHERIFF'S OFFICE,**
**MASTER SERGEANT MARCUS COHEN, individually and**
**in his official capacity, DEPUTY ERIC BILBRO, individually**
**and in his official capacity, and JOHN and JANE DOES 1-10**          **DEFENDANTS**

<u>**ANSWER AND AFFIRMATIVE DEFENSES**</u>

**NOW COME** Defendants, COAHOMA COUNTY, MISSISSIPPI, and the COAHOMA

COUNTY SHERIFF'S OFFICE, by counsel, and respectfully submit their Answer and Affirmative

Defenses in response to the Complaint filed herein by Plaintiffs, as follows:

<u>**FIRST AFFIRMATIVE DEFENSE**</u>

*(Motion to Dismiss - §1983 Claim)*

The Complaint fails to state a cause of action as to these Defendants for which relief may be

granted, including, but not limited to, the defense of qualified immunity as to the individual

defendants herein, named or unnamed.    Any force used against the Plaintiffs was objectively

reasonable. Further, the Complaint fails to state a claim against these Defendants upon which relief

may be granted under *Monell v. Dept. of Social Services*, 436 U.S. 653 (1977).  Plaintiffs' Complaint

should accordingly be dismissed.  Defendants pray for an early determination of this issue in the

interest of judicial economy.

1

## SECOND AFFIRMATIVE DEFENSE

*(Motion to Dismiss State Law Claims)*

To the extent Plaintiffs' Complaint seeks relief under state law, Defendants invoke the provisions of the Mississippi Tort Claims Act, *Miss. Code Ann.* §11-46-1 (Supp. 1997), *et seq.* Specifically, Plaintiffs' Complaint fails to state a claim under state law upon which relief can be granted as to Defendants under the provisions of the Mississippi Tort Claims Act, as no claim under state law is available against a governmental entity or its employees for either: (1) negligence by sworn law enforcement officers; (2) failure to train, supervise or discipline law enforcement officers; (3) for negligence and/or deliberate indifference by a deputy and/or law enforcement officer; (4) for assault and battery by a deputy and/or law enforcement officer; and/or (5) for claims of negligence against a law enforcement officer. *Miss. Code Ann.* §11-46-9(1)(b),(c),(d),(e),(f),(h),(m) (Supp. 1997). Alternatively, Defendants state that there are no material facts which remain at issue as to Plaintiffs' individual status and move for judgment on the pleadings pursuant to *Fed. R. Civ. Proc.*, Rule 12 (c). Defendants pray for an early determination of this issue in the interest of judicial economy.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs fail to state a claim upon which relief may be granted against any Defendant.

## FOURTH AFFIRMATIVE DEFENSE

Defendants assert the protections of the Mississippi Apportionment Statute, *Miss. Code Ann.* §85-5-7 (Supp. 2003).

## FIFTH AFFIRMATIVE DEFENSE

The individual defendants (named and un-named) in this case are entitled to qualified

immunity from Plaintiffs' claims. These individuals were at all times public officials in the course of duties during the incident forming the basis of this lawsuit. Said individuals did not engage in any conduct, which deprived the Plaintiffs of any right, privilege or immunity protected by the Constitution or Laws of the United States. Additionally, said individuals' conduct was objectively reasonable in light of clearly established law at the time of their actions in this matter. These individuals' actions were justified and arguably justifiable in light of the information each possessed and clearly established law. As such, a reasonable officer could have believed their actions lawful during the incident forming the basis of this lawsuit.

### SIXTH AFFIRMATIVE DEFENSE

With respect to Plaintiffs' state law claims, Defendants claim the protection of the statutory exemptions from liability found in *Miss. Code Ann.* §11-46-9 (1999). Alternatively, Defendants claim the protection of governmental immunity and/or sovereign immunity.

### SEVENTH AFFIRMATIVE DEFENSE

Defendants are protected by and invokes all the immunities granted by judicial, common law, and statutory sovereign immunity including, but not limited to, judicial immunity, quasi-judicial immunity and qualified immunity.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' official capacity federal constitutional claims are necessarily predicated on the doctrine of *respondent superior* and are thus barred as a matter of law by reason of the absence of any proof or allegation of any official policy, custom or practice of the Defendant County was the moving force behind the alleged injuries of Plaintiffs.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' failure to allege violation of any legal duty by any Defendant bars this cause of action.

## TENTH AFFIRMATIVE DEFENSE

To the extent that any personnel acting within the course and scope of their employment with Coahoma County are alleged to be involved in or responsible for the custody, safety, protection, supervision or care of the Plaintiffs, at any time, such conduct was at all times objectively reasonable and consistent with clearly established law, and for that reason, Plaintiffs' claims are barred.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted as to these Defendants by reason of the fact that any duty on the part of these Defendants involved the use of discretion, and at no time did any governmental actor substantially exceed his or her authority, nor was any legally cognizable harm to Plaintiffs, caused by or in the course of such exercise of authority and discretion, and Plaintiffs' claims are accordingly barred under the doctrine of public official immunity.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred under the doctrine of independent, intervening cause and/or efficient superseding cause.

## THIRTEENTH AFFIRMATIVE DEFENSE

At no time did any governmental actor breach any duty that was ministerial in nature, causing any legally cognizable harm to Plaintiffs, and for that reason, Plaintiffs' claims are barred.

4

## FOURTEENTH  AFFIRMATIVE DEFENSE

Defendants invoke the safeguards of the Equal Protection and Due Process clauses of the United States Constitution, Article 3, Section 14 of the Mississippi Constitution and the provisions of *Miss. Code Ann.* §§11-1-65 and 11-46-15 (2) (1993).

## FIFTEENTH  AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the running of the applicable statute of limitations, laches, waiver, estoppel, *res judicata*, administrative collateral estoppel, judicial estoppel, assumption of risk and the doctrine of unclean hands.

## SIXTEENTH AFFIRMATIVE DEFENSE

The criminal conduct of Plaintiffs and/or criminal acts of a third party constitute the sole proximate cause of any injuries they allegedly sustained and of any damages allegedly resulting therefrom.  Moreover, the injuries/damages, if any, of Plaintiffs were not foreseeable to these Defendants, and therefore, Plaintiffs' claim as to these Defendants should be dismissed.

## SEVENTEENTH  AFFIRMATIVE DEFENSE

A governmental entity is only liable under Section 1983 for injuries caused by its policy or custom.   Here, there is no identified policy or custom and at issue.  The instant claims fail as a matter of law.

## EIGHTEENTH AFFIRMATIVE DEFENSE

These Defendants are not responsible for any condition of any Plaintiff that pre-existed the events made the basis of this Complaint.

## NINETEENTH AFFIRMATIVE DEFENSE

Defendants assert all affirmative defenses that are or may become available or of which may become aware (upon further investigation or discovery) under Fed. R. Civ. P.12(b).

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to recover any enhanced, punitive, or exemplary damages, as provided by *Miss. Code Ann*. § 11-46-15 insofar as any state court claims are concerned. Further, Plaintiffs are not entitled to punitive damages under *Miss. Code Ann*. §25-61-15. Answering Defendants invoke the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States and Article III, Section 14 of the Constitution of the State of Mississippi, inclusive of, but not necessarily limited to, the following separate and several grounds:

(a)     The procedures may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing.

(b)     The procedures fail to provide means for awarding separate judgments against alleged joint tortfeasors.

(c)     The procedures fail to provide a limit on the amount of the award against the defendants.

(d)     The procedures fail to provide specific standards for the amount of the award of punitive damages.

(e)     The procedures permit award of punitive damages upon satisfaction of a standard of proof less than that applicable to the imposition of criminal sanctions.

(f)     The procedures permit multiple awards of punitive damages for the same alleged act.

(g)     The procedures fail to provide a clear consistent appellant standard of review of an

6

award for punitive damages.

(h)     The procedures may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined.

(I)     The standard of conduct upon which punitive damages are sought is vague.

## TWENTY FIRST AFFIRMATIVE DEFENSE

**AND, NOW,** having asserted their affirmative defenses to the Complaint filed herein, and without waiving any such defenses, these Defendants answers the allegations of Plaintiffs' Complaint as follows:

1.     Defendants deny the allegations in paragraph 1, and demand strict legal proof of the same.

2.     Defendants deny the allegations in paragraph 2, and demand strict legal proof of the same.[1]

3.     Defendants admit that this Court has jurisdiction over this case. Defendants deny any other allegations in paragraph 3.

4.     Defendants admit that venue is proper in this Court but deny any and all other allegations in paragraph 4.

5.     Defendants are without sufficient information to admit or deny paragraph 5, so the same is denied.

6.     Defendants are without sufficient information to admit or deny paragraph 6, so the same is denied.

_____

[1] To the extent the Plaintiffs make any allegations against the Defendants in footnote 1, the Defendants deny the same.

7

7.      Defendants are without sufficient information to admit or deny paragraph 7, so the same is denied.

8.      Defendants are without sufficient information to admit or deny paragraph 8, so the same is denied.

9.      Defendants are without sufficient information to admit or deny paragraph 9, so the same is denied.

10.     The allegations of paragraph 10 are not directed at these Defendants, so are therefore denied.

11.     The allegations of paragraph 11 are admitted.

12.      The allegations of paragraph 12 are admitted.

13.     The allegations of paragraph 13 are not directed at these Defendants, so are therefore denied.

14.     The allegations of paragraph 14 are not directed at these Defendants, so are therefore denied.

15.     The allegations of paragraph 15 are not directed at these Defendants, so are therefore denied.

16.     The allegations of paragraph 16 are not directed at these Defendants, so are therefore denied.

17.     The allegations of paragraph 17 are not directed at these Defendants, so are therefore denied.

18.     The allegations of paragraph 18 are not directed at these Defendants, so are therefore denied.

19.     The allegations of paragraph 19 are not directed at these Defendants, so are therefore denied.

20.     The allegations of paragraph 20 are not directed at these Defendants, so are therefore denied.

21.     To the extent that the allegations of paragraph 21 are directed at these Defendants, they are denied.

22.     Defendants are without sufficient information to admit or deny these allegations of paragraph 22, so deny the same.

23.     Defendants are without sufficient information to admit or deny these allegations of paragraph 23, so deny the same.

24.     Defendants are without sufficient information to admit or deny these allegations of paragraph, so deny the same.

25.     Defendants deny these allegations of paragraph 25 and demand strict legal proof of the same.  As found by MBI, the Coahoma County Sheriff's Department, as was its policy, announced its presence with lights, sirens, and verbal commands.[2]

26.     Defendants deny the allegations of paragraph 26, and demand strict legal proof of the same.  Defendants do admit that one of the Plaintiffs was shot during the service of this warrant on this known drug house.

27.     Defendants deny the allegations of paragraph 27, and demand strict legal proof of the

_____

[2] Defendants admit the allegations in Footnote 2, that they executed a "No Knock" search warrant on the subject residence and that, upon information and belief, the incident report prepared by the Mississippi Bureau of Investigation states "the sheriff's department announced their presence with lights, sirens, and verbally announced that they had a warrant to search the home."

same.

28.     Defendants deny the allegations of paragraph 28, and demand strict legal proof of the same.

29.     Defendants deny the allegations of paragraph 29, and demand strict legal proof of the same.

30.     Defendants deny the allegations of paragraph 30, and demand strict legal proof of the same.

31.     Defendants deny the allegations of paragraph 31, and demand strict legal proof of the same.  Defendants located drugs and scales at this location.

32.     Defendants admit that the property was searched, wherein they located drugs and scales, and that they confiscated surveillance cameras from this known drug house.  Defendants deny that this was done maliciously or unreasonably.

33.     Defendants deny the allegations of paragraph 33, and demand strict legal proof of the same.[3]

34.     Defendants deny the allegations of paragraph 34, and demand strict legal proof of the same.

35.     Defendants deny the allegations of paragraph 35, and demand strict legal proof of the same.[4]

36.     Defendants deny the allegations of paragraph 36, and demand strict legal proof of the

_____

[3]Defendants deny the allegations of footnote 3, and demands strict legal proof of the same.

[4]Defendants deny the allegations of footnote 4, and demands strict legal proof of the same.

same.

37.     Defendants deny the allegations of paragraph 37, and demand strict legal proof of the same.

38.     Defendants deny the allegations of paragraph 38, and demand strict legal proof of the same.

39.     Defendants incorporate by reference their prior responses as if fully set forth herein and  adopt same by reference.

40.     The allegations of paragraph 40 are admitted.

41.     Defendants deny the allegations of paragraph 41, including sub parts A-D, and demand strict legal proof of the same.

42.     Defendants incorporate by reference their prior responses as if fully set forth herein and adopt same by reference.

43.     Defendants deny the allegations of paragraph 43, and demand strict legal proof of the same.

44.     Defendants deny the allegations of paragraph 44, and demand strict legal proof of the same.

45.     Defendants deny the allegations of paragraph 45, and demand strict legal proof of the same.

46.     Defendants deny the allegations of paragraph 46, and demand strict legal proof of the same.

47.     Defendants deny the allegations of paragraph 47, and demand strict legal proof of the same.

48.    Defendants deny the allegations of paragraph 48, and demand strict legal proof of the same.

49.    Defendants deny the allegations of paragraph 49, and demand strict legal proof of the same.

50.    Defendants deny the allegations of paragraph 50, and demand strict legal proof of the same.

51.    Defendants deny the allegations of paragraph 51, and demand strict legal proof of the same.

52.    Defendants deny the allegations of paragraph 52, and demand strict legal proof of the same.

53.    Defendants incorporate by reference their prior responses as if fully set forth herein and  adopt same by reference.

54.    Defendants deny the allegations of paragraph 54, and demand strict legal proof of the same.

55.    Defendants deny the allegations of paragraph 55, and demand strict legal proof of the same.

56.    Defendants deny the allegations of paragraph 56, and demand strict legal proof of the same.

57.    Defendants deny the allegations of paragraph 57, and demand strict legal proof of the same.

58.    Defendants deny the allegations of paragraph 58, and demand strict legal proof of the same.

59.     Defendants deny the allegations of paragraph 59, and demand strict legal proof of the same.

60.     Defendants deny the allegations of paragraph 60, and demand strict legal proof of the same.

61.     Defendants deny the allegations of paragraph 61, and demand strict legal proof of the same.

62.     Defendants deny the allegations of paragraph 62, and demand strict legal proof of the same.

63.     Defendants deny the allegations of paragraph 63, and demand strict legal proof of the same.

64.     Defendants deny the allegations of paragraph 64, and demand strict legal proof of the same.

65.     Defendants deny the allegations of paragraph 65, and demand strict legal proof of the same.

66.     Defendants deny the allegations of paragraph 66, and demand strict legal proof of the same.

67.     Defendants incorporate by reference their prior responses as if fully set forth herein and adopt same by reference.

68.     Defendants deny the allegations of paragraph 68, and demand strict legal proof of the same.

69.     Defendants admit that the Coahoma County Sheriff Deputies named herein were acting within the course and scope of their employment.  Defendants deny the remaining allegations

13

of paragraph 69.

70.     Defendants deny the allegations of paragraph 70, and demand strict legal proof of the same.

71.     Defendants deny the allegations of paragraph 71 happened herein, and demand strict legal proof of the same.

72.     Defendants deny the allegations of paragraph 72, and demand strict legal proof of the same.

73.     Defendants deny the allegations of paragraph 73, and demand strict legal proof of the same.

74.     Defendants deny the allegations of paragraph 74, and demand strict legal proof of the same.

75.     Defendants deny the allegations of paragraph 75, and demand strict legal proof of the same.

76.     Defendants deny the allegations of paragraph 76, and demand strict legal proof of the same.

77.     Defendants deny the allegations of paragraph 77, and demand strict legal proof of the same.

78.     Defendants deny the allegations of paragraph 78, and demand strict legal proof of the same.

79.     Defendants deny the allegations of paragraph 79, and demand strict legal proof of the same.

80.     Defendants deny the allegations of paragraph 80, and demand strict legal proof of the

14

same.

81.     Defendants deny the allegations of paragraph 81, and demand strict legal proof of the same.

82.     Defendants incorporate by reference their prior responses as if fully set forth herein and adopt same by reference.

83.     Defendants admit that Plaintiffs have filed this Complaint, Defendants deny any other allegations contained in paragraph 83.

84.     Defendants deny the allegations of paragraph 84, and demand strict legal proof of the same.

85.     Defendants deny the allegations of paragraph 85, and demand strict legal proof of the same.

86.     Defendants deny the allegations of paragraph 86, and demand strict legal proof of the same.

87.     Defendants deny the allegations of paragraph 87, and demand strict legal proof of the same.

88.     Defendants deny the allegations of paragraph 88, and demand strict legal proof of the same.

89.     Defendants deny the allegations of paragraph 89, and demand strict legal proof of the same.

90.     Defendants deny the allegations of paragraph 90, sub parts A-K, and demand strict legal proof of the same.

91.     Defendants deny the allegations of paragraph 91, and demand strict legal proof of the

same.

92.     Defendants deny the allegations of paragraph 92, and demand strict legal proof of the same.

93.     Defendants incorporate by reference their prior responses as if fully set forth  herein and  adopt same by reference.

94.     Defendants deny the allegations of paragraph 94, and demand strict legal proof of the same.

95.     Defendants deny the allegations of paragraph 95, and demand strict legal proof of the same.

96.     Defendants deny the allegations of paragraph 96, and demand strict legal proof of the same.

97.     Defendants deny the allegations of paragraph 97, and demand strict legal proof of the same.

98.     Defendants incorporate by reference their prior responses as if fully set forth herein and  adopt same by reference.

99.     Defendants deny the allegations of paragraph 99, and demand strict legal proof of the same.

100.     Defendants deny the allegations of paragraph 100, and demand strict legal proof of the same.

101.     Defendants incorporate by reference their prior responses as if fully set forth herein and  adopt same by reference.

102.     Defendants deny the allegations of paragraph 102, and demand strict legal proof of

16

the same.

103.    Defendants deny the allegations of paragraph 103, and demand strict legal proof of the same.

The Defendants deny the allegations in the unnumbered paragraph beginning with "WHEREFORE, PREMISES CONSIDERED", and demand strict legal proof of the same.

Answering Defendants deny that Plaintiffs are entitled to any relief.

**AND NOW, HAVING FULLY ANSWERED** and asserted their Affirmative Defenses, the Defendants pray that this Court grant the following relief:

(A)     That this Court dismiss Plaintiffs' Complaint with prejudice, based upon each and all of the aforesaid Affirmative Defenses, including, but not limited to, applicability of the statutory exemptions from liability as set forth in the Mississippi Tort Claims Act as well as the application of the laws and jurisprudence as to the 14th Amendment of the U.S. Constitution;

(B)     That this Court deny Plaintiffs the relief prayed for in Plaintiffs' prayer for relief, and that Plaintiffs be denied any relief whatsoever; and,

(C)     That this Court award this Defendants their attorney fees, costs and expenses associated with the defense of the instant civil action pursuant to *Fed. R. Civ. Proc.* 11, and 42 U.S.C. §1988.

**Respectfully submitted**, this the 14th day of October, 2020.

                                    **JACKS | GRIFFITH | LUCIANO, P.A.**

                        By:    /s/ ***Bethany A. Tarpley***
                                    Daniel J. Griffith, MS Bar No. 8366
                                    Bethany A. Tarpley, MS Bar No. 104134
                                    Attorneys for Defendants Coahoma County,
                                    Mississippi, and Coahoma County Sheriff's
                                    Department

17

Of Counsel:

**JACKS | GRIFFITH | LUCIANO, P.A.**
P. O. Box 1209
150 North Sharpe Avenue
Cleveland, MS 38732
telephone: (662) 843-6171
facsimile: (662) 843-6176
cell: (662) 721-7323
Email: dgriffith@jlpalaw.com
        btarpley@jlpalaw.com
www.jlpalaw.com

Thomas T. Ross, Jr.
Hunt Ross & Allen
123 Court Street
P.O. Box 1196
Clarksdale, MS 38614
Phone: (662) 627-5251
Email: tomross@huntross.com
Board Attorney

## CERTIFICATE OF SERVICE

I, Bethany A. Tarpley, attorney of record for Defendants Coahoma County, Mississippi and Coahoma County Sheriff Department do hereby certify that I have this day caused a true and correct copy of the above and foregoing *Answer and Affirmative Defenses* to be delivered by the ECF Filing System which gave notice to all counsel of record who have appeared herein.

Garrett Tyjuan Estes, Esq.
John Keith Perry, Jr., Esq.
Perry Griffin, PC
5699 Getwell Road, Ste. G5
Southaven, MS 38672
Phone: (601) 624-3247
**Attorneys for Maurice Mason, Sharon Wade, Ladayton Williams, Ollie Hardmon, Willie Joe Safford**

**DATED** this 14th day of October, 2020.

    /s/ *Bethany A. Tarpley*
Bethany A. Tarpley

18