**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**MAURICE MASON,
SHARON WADE, LADAYTON WILLIAMS
OLLIE HARDMON and WILLIE JOE SAFFORD**                **PLAINTIFFS**

v.                        **CIVIL ACTION NO. 4:20-CV-164-DMB-JMV**

**CITY OF CLARKSDALE; COAHOMA COUNTY,
MISSISSIPPI; COAHOMA COUNTY SHERIFF'S OFFICE,
MASTER SERGEANT MARCUS COHEN, individually and
in his official capacity, DEPUTY ERIC BILBRO, individually
and in his official capacity, and JOHN and JANE DOES 1-10**        **DEFENDANTS**

**DEFENDANTS, COAHOMA COUNTY, MISSISSIPPI, COAHOMA COUNTY
SHERIFF'S DEPARTMENT, MASTER SERGEANT MARCUS COHEN, DEPUTY
EDDIE EARL, and DEPUTY ERIC BILBRO'S FIRST SET OF DISCOVERY TO
PLAINTIFF LADAYTON WILLIAMS**

       **COME NOW** Defendants, Coahoma County, Mississippi, Coahoma County Sheriff's Department, Master Sergeant Marcus Cohen, Deputy Eddie Earl, and Deputy Eric Bilbro ("Coahoma County Defendants"), by counsel, and propound their First Set of Interrogatories, Requests for Production of Documents, and Requests for Admissions to Plaintiff, **LADAYTON WILLIAMS** pursuant to the Federal Rules of Civil Procedure:

**Table of Definitions**

       Definitions of various words, terms, and phrases contained in these Interrogatories are provided in order to clarify their meaning and to assist Plaintiff in understanding the objectives of these discovery requests and to locate and furnish the relevant information and materials. It is expressly stipulated by Defendants that an affirmative response on the part of Plaintiff will not be construed as an admission that any definition contained herein is either factually correct or legally

1

binding on Plaintiff. Accordingly, as used in these Interrogatories, the following definitions shall apply:

     A.     The words "**you**", "**your**", "**yourself**", and "**Plaintiff**" shall mean **LADAYTON WILLIAMS** and shall include all agents, representatives, employees, attorneys, insurers, bonding companies, adjusters, and all other persons, firms, partnerships, and corporations acting for and on behalf of Plaintiffs.

     B.     The word "**document**," as defined by Rule 34 of the Federal Rules of Civil Procedure, is intended to refer to any medium by which information is recorded, and shall mean and shall include the original and non-identical copy of all writings, drafts, photographs, microfilm records, microfiche records, photograph records, drawings, maps, plats, tape recordings, data compilations from which information can be obtained or translated, and all other writings of any kind, nature, or description, which are in the possession, custody, or control of Plaintiff or any person, firm, partnership or corporate entity acting for or on behalf of Plaintiff, and shall include the original and all copies and drafts of all agreements, communications, files, papers, books, accounts, letters, correspondence, telegraphs, telegrams, memoranda, summaries or records of telephone conversations, sound recordings, minutes, records of personal conversations, negotiations, meetings, conferences, interviews, tapes, diaries, graphs, reports, vouchers, blank checks, invoices, charge slips, receipts, notes, notebooks, plans, drawings, sketches, maps, interoffice communications, projections, analyses, opinions or reports of consultants, statistical records, drafts, working papers or summaries, brochures, pamphlets, advertisements, computer data or data stored in computers, computer printouts, and all other writings, pictures or symbols of any kind, however denominated.

     C.     The word "**identify**," as used in these Requests means to state the origin, nature or

definitive characteristic of the person, document, event, incident or subject inquired about.

D. The word "**describe**," as used in these Interrogatories, means to define, delineate, explain, illustrate, recount, render, or provide a narrative, chronological history of the event, incident, occurrence, object, or thing inquired about.

E. The word "**similar**," as used in these Requests, means resembling, corresponding, or being related in terms, content, characteristics, or provisions.

F. The word "**information**," as used in these Requests, shall mean both facts and applicable principles, and shall not be construed to be limited by any method of acquisition or compilation, and should, therefore, be construed to include oral information as well as documents.

## INSTRUCTIONS REGARDING YOUR RESPONSES TO THESE DISCOVERY REQUESTS

Answers to these Interrogatories, Requests for Production, and Requests for Admissions hereby propounded are sought on a continuing basis during the pendency of this civil action in accordance with the provisions of of the Federal Rules of Civil Procedure. You are requested to note the following in making your responses to each of these requests, or supplemental answers, as the case may be:

A. Please furnish any information or tangible things which are either in your possession of which are accessible to you by a reasonable inquiry.

B. If after you have made reasonable inquiry to obtain the necessary information, you were still unable to make a complete response to a particular Request or Requests, please respond to the fullest extent possible. In doing so, please specify the part of the Request you are unable to respond to or to which you object.

C. When your response includes a document, please furnish clear and legible copies of such document, and please include a copy of the entire document and all the pages and attachments to the document.

D. A request for any particular document or thing is a request for the original, for each and every photocopy or duplicate of that document or thing, and for each and every draft of the document or thing. The documents and things to be produced should, at the time of production, be organized and labeled to correspond to the enumerated requests below. In the alternative, they may be produced as they are kept in the ordinary course of business, if it is possible to do so.

E. You are to produce not only the documents and things in your immediate possession, but also those over which you have custody or control, including but not limited to documents and things in the possession, custody, or control of your attorney(s), any investigator employed by you or by your attorney(s), or any consultant or expert witness employed by you or by your attorney(s).

F. The following requests are continuing. After serving your initial response to these requests, please supplement your response whenever any document(s) or thing(s) meeting any of the enumerated descriptions below come into your possession, custody, or control.

G. If, in response to a particular request, an objection is interposed, and the objection applies to some but not all of the documents requested, please produce all responsive documents and things to which the objection does not apply. Any and all objections should be interposed by the deadline for your initial response, or will be considered waived.

H. In the event you are asked to admit the truth of any matter by way of a request for admission, your response or objection must be made within 30 days hereof in the form and in the manner required by Fed. R. Civ. Proc. 36.

## DISCOVERY REQUESTS TO PLAINTIFF

**INTERROGATORY NO. 1:** Please identify any documents, things, photographs, videos, or exhibits which you may seek to introduce into evidence.

**REQUEST FOR PRODUCTION NO. 1:** Please produce for inspection and copying each document, thing or item of tangible evidence identified by you in your response to the preceding Interrogatory No. 1.

**INTERROGATORY NO. 2:** Please state with specificity all damages of every kind and nature which you claim to have received from this incident.

**REQUEST FOR PRODUCTION NO. 2:** Please produce for inspection and copying each document, thing or item of tangible evidence identified by you in your response to the preceding Interrogatory No. 2.

**INTERROGATORY NO. 3:** Please state in detail what medical injuries you are claiming in connection with this lawsuit including and provide a list of medical providers you have been to in connection with said injuries. If this includes getting prescription medication, please provide the name of the pharmacies.

**REQUEST FOR PRODUCTION NO. 3:** Please produce for inspection and copying each document, thing or item of tangible evidence identified by you in your response to the preceding Interrogatory No. 3.

**INTERROGATORY NO. 4:** Please state in detail the past medical history of Plaintiff, including, but not limited to, the following:

    (a)    Any physical, mental, or emotional problems he had prior to the incident, including congenital problems or diseases and any major illness he may have had, and for each

        physical, mental, or emotional problem, or congenital problem or major illness, please list who his treating physician(s) was, whether or not he was hospitalized, and if so, when, where, and by whom;

(b)     Whether or not as of March 9, 2020, **LADAYTON WILLIAMS** was being treated by any physician for any medical, mental, emotional, or congenital problem, and if so, for what problem, who the physician(s) was, when he was last been seen by him, and whether or not she had been hospitalized for any such problem;

(c)     Please list any and all hospitals where he had been hospitalized in the last ten (10) years, giving times, places, and reasons for the hospitalization(s);

(d)     Please list all physicians seen by **LADAYTON WILLIAMS** in the past ten (10) years, on what date(s) they were seen, for what purpose, and the address of each physician(s); and,

(e)     Please state any and all operations **LADAYTON WILLIAMS** had, what said operation was for, who the operating physician was, dates, and reasons thereafter.

**REQUEST FOR PRODUCTION NO. 4:** Please produce for inspection and copying each document, thing or item of tangible evidence identified by you in your response to the preceding Interrogatory No. 4.

**INTERROGATORY NO. 5:** Have you ever been charged with or convicted of any felony or misdemeanor, including, but not limited to, traffic violations, <u>before and after</u> March 9, 2020? If so, please state for each such charge or conviction the nature of the offense with which you were charged or convicted, the disposition of such charge or conviction, the name and address of the court where such charge was disposed of, or is still pending, and the exact style and cause number of each

such offense.

**REQUEST FOR PRODUCTION NO. 5:** Please produce for inspection and copying each document, thing or item of tangible evidence identified by you in your response to the preceding Interrogatory No. 5.

**INTERROGATORY NO. 6:** Have you ever been a party in a lawsuit or the recipient of a settlement for a lawsuit that was threatened? If so, for each such suit or claim, please state the nature of the suit or claim, the date the suit or claim originated, the names of the respective parties and their attorneys, the style of the case and cause number for any litigation that was filed or chancery action brought to approve settlement terms and the verdict or disposition of such suit or claim.

**REQUEST FOR PRODUCTION NO. 6:** Please produce for inspection and copying each document, thing or item of tangible evidence identified by you in your response to the preceding Interrogatory No. 6.

**INTERROGATORY NO. 7:** Do you claim a loss of income on account of the injuries alleged to have been received as a result of the incident giving rise to the Complaint filed in this case? If so, please state the exact name and address of your employer and specific duties. Please itemize your loss of income, if any, on account of the injuries alleged to have been received as a result of this incident and state the source of said income and the amount of any loss.

**REQUEST FOR PRODUCTION NO. 7:** Please produce for inspection and copying your most recent W-2 form and your state and federal income tax returns for the preceding five (5) years prior to your injuries.

**INTERROGATORY NO. 8:** Do you claim that your injuries were caused, in whole or in

part, by any policy of Coahoma County, Mississippi, in effect on or about March 9, 2020? If so, please identify the following:

 (a) Each fact which you contend supports this claim (This is intended to include identification of any policy upon which you rely in making this contention);

 (b) Each witness whom you contend has first-hand knowledge which supports your contention;

 (c) Each document or item of tangible evidence which you contend supports your contention;

 (d) Any witness whom you intend to designate to provide lay or expert opinion testimony concerning your contention and the substance of any such opinion.

 (e) The current custodian of any document or item of tangible evidence identified by you above.

**REQUEST FOR PRODUCTION NO. 8:** Please produce for inspection and/or copying any documents which verify the accuracy of the above response to the preceding interrogatory, if any.

**INTERROGATORY NO. 9:** Do you claim that Coahoma County caused or contributed to your injuries related to this incident? If so, please identify the following:

 (a) Each fact which you contend supports this claim;

 (b) Each witness whom you contend has first hand knowledge which supports this claim;

 (c) Each document or item of tangible evidence which you contend supports this claim;

8

EXHIBIT D

    (d)    Any witness whom you intend to designate to provide lay or expert opinion testimony concerning your injuries.

**REQUEST FOR PRODUCTION NO. 9:** Please produce for inspection and copying each document, thing or item of tangible evidence which you rely on as a basis for your response to the preceding Interrogatory No. 9.

**INTERROGATORY NO. 10:** Do you claim that the failure to enact a specific policy or policies for the care and treatment of detainees at a scene by the Coahoma County Sheriff's Department prior to March 9, 2020, caused or contributed to the injury of **LADAYTON WILLIAMS**? If so, please identify the following:

    (a)    Each fact which you contend supports this claim (It is intended that you specify the exact policy or policies which you contend should have been enacted prior to Mr. Williams' injury);

    (b)    Each witness whom you contend has first hand knowledge which supports this claim;

    (c)    Each document or item of tangible evidence which you contend supports this claim;

    (d)    Any witness whom you intend to designate to provide lay or expert opinion testimony concerning the injury of **LADAYTON WILLIAMS**, being caused by the absence of any policy or policies of the Coahoma County Sheriff's Department and the substance of any such opinion.

**REQUEST FOR PRODUCTION NO. 10:** Please produce for inspection and copying each document, thing or item of tangible evidence which you rely on as a basis for your response to the preceding Interrogatory No. 10.

**INTERROGATORY NO. 11:** With respect to all witnesses whom you will or may call as experts to give opinion testimony in the trial of this matter, please state their name, address and telephone number, the subject matter upon which they will testify, a summary of the qualifications of the expert, the substance of the facts to which he is expected to testify, the substance of the opinions to which he is expected to testify and the basis of any such opinions to which he is expected to testify.

**REQUEST FOR PRODUCTION NO. 11:** Please produce for inspection and copying any document, thing or item of tangible evidence identified by you in your response to the preceding Interrogatory No. 11.

**INTERROGATORY NO. 12:** With respect to all experts you intend to call to testify, please state all documents, photos, videos or objects which he or she has reviewed in formulating his opinions.

**REQUEST FOR PRODUCTION NO. 12:** Please produce for inspection and copying any document, thing or item of tangible evidence identified by you in your response to the preceding Interrogatory No. 12.

**INTERROGATORY NO. 13:** With respect to all experts you intend to call to testify, please state whether or not said expert has conducted any tests, studies or analysis pertaining to the incident in dispute which is the subject matter of this lawsuit and state the type of test, studies or analysis performed and the results.

**REQUEST FOR PRODUCTION NO. 13:** Please produce for inspection and copying the results of any such test, study or analysis identified by you in your response to the preceding

Interrogatory No. 13.

**INTERROGATORY NO. 14:** In the Complaint, you allege you are entitled to damages for mental anguish and emotional trauma and suffering, past, present and future as a result of the Defendants' actions. Please describe the factual basis which you contend supports the above-referenced litigation.

**REQUEST FOR PRODUCTION NO. 14:** Please produce for inspection and copying each document, thing or item of tangible evidence which you rely on as a basis for your response to the preceding Interrogatory No. 14.

**INTERROGATORY NO. 15:** Do you contend that Sergeant Marcus Cohen, Deputy Eddie Earl, or Deputy Eric Bilbro used excessive or unreasonable force against you on March 9, 2020? If so, please identify each fact, witness, document or anticipated expert opinion testimony which you claim supports this contention.

**REQUEST FOR PRODUCTION NO. 15:** Please produce for inspection and copying each document, thing, or item of tangible evidence which you rely on as a basis for your response to the preceding Interrogatory No. 15.

**INTERROGATORY NO. 16:** Do you contend that Sergeant Marcus Cohen, Deputy Eddie Earl, or Deputy Eric Bilbro used any force against you on March 9, 2020, at a time when no force was reasonably necessary? If so, please identify each fact, witness, document or anticipated expert opinion testimony which you claim supports this contention.

**REQUEST FOR PRODUCTION NO. 16:** Please produce for inspection and copying each document, thing or item of tangible evidence which you rely on as a basis for your response to the

preceding Interrogatory No. 16.

**INTERROGATORY NO. 17:** Do you contend that the Coahoma County Sheriff's Department failed to properly train, supervise, and monitor Sergeant Marcus Cohen, Deputy Eddie Earl, or Deputy Eric Bilbro on March 9, 2020? If so, please identify each fact, witness, document or anticipated expert opinion testimony which you claim supports this contention.

**REQUEST FOR PRODUCTION NO. 17:** Please produce for inspection and copying each document, thing or item of tangible evidence which you rely on as a basis for your response to the preceding Interrogatory No. 17.

**INTERROGATORY NO. 18:** Do you contend that any employee of Coahoma County, Mississippi, acted unlawfully under the color of state law to deprive Plaintiff of his Fourth Amendment right to be free from unlawful seizure by arresting Plaintiff without a warrant, without witnessing a criminal act, and without probable cause to believe a crime had occurred or was about to occur? If so, please identify the following:

(a) Each fact which you contend supports this claim;

(b) Each witness whom you contend has first hand knowledge which supports this claim;

(c) Each document or item of tangible evidence which you contend supports this claim;

(d) Any witness whom you intend to designate to provide lay or expert opinion testimony concerning such acts and the substance of any such opinion.

**REQUEST FOR PRODUCTION NO. 18:** Please produce for inspection and copying each document, thing or item of tangible evidence which you rely on as a basis for your response to the

preceding Interrogatory No. 18.

**INTERROGATORY NO. 19:** Since the date of the injury that you allege in your Complaint, please state in specific detail any and all physician(s) you have seen, the reasons therefor, the date(s) and time(s), what symptoms or manifestations of pain or injury you had, what complaints of pain or injury were made by you to said doctor, what treatment(s), if any, you were given, nature and duration of said treatment(s); any medical treatment(s) for the same or similar complaint(s) that you now contend you received as a result of the accident in question; and if so, specifics such as date(s), physician(s), type of complaint(s), etc.; any hospitalizations with date(s), place(s) and reason(s) therefor; physician treatment or hospitalization for any reason other than for the injuries you contend resulted from the accident in question; and, all medical expenses incurred as a result of the treatment described in your response to this question.

**REQUEST FOR PRODUCTION NO. 19:** Please produce for inspection and copying each document or item of tangible evidence identified in your response to the preceding Interrogatory No. 19.

**INTERROGATORY NO. 20:** Do you claim to have suffered any permanent disability or impairment as a result of the incident complained of in your Complaint? If so, please identify each fact, witness, document or anticipated expert opinion testimony which you claim supports this contention.

**REQUEST FOR PRODUCTION NO. 20:** Please produce for inspection and copying each document, thing or item of tangible evidence which you rely on as a basis for your response to the preceding Interrogatory No. 20.

**INTERROGATORY NO. 21:** Do you contend that any employee of Coahoma County shot you on March 9, 2020? If so, please identify each fact, witness, document or anticipated expert opinion testimony which you claim supports this contention.

**REQUEST FOR PRODUCTION NO. 21:** Please produce for inspection and copying each document, thing or item of tangible evidence which you rely on as a basis for your response to the preceding Interrogatory No. 21.

**INTERROGATORY NO. 22:** Do you contend that Sheriff Jones failed to properly train, supervise, and monitor any of the Coahoma County Sheriff's Department employees on March 9, 2020? If so, please identify each fact, witness, document or anticipated expert opinion testimony which you claim supports this contention.

**REQUEST FOR PRODUCTION NO. 22:** Please produce for inspection and copying each document, thing or item of tangible evidence which you rely on as a basis for your response to the preceding Interrogatory No. 22.

**INTERROGATORY NO. 23:** Do you contend that Master Sergeant Marcus Cohen, Deputy Eddie Earl, or Deputy Eric Bilbro were deliberately indifferent to a need for medical care for a serious medical need on the part of **LADAYTON WILLIAMS** on March 9, 2020? If so, please identify each fact, witness, document or anticipated expert opinion testimony which you claim supports this contention.

**REQUEST FOR PRODUCTION NO. 23:** Please produce for inspection and copying each document, thing or item of tangible evidence which you rely on as a basis for your response to the preceding Interrogatory No. 23.

**INTERROGATORY NO. 24:** Please identify any person(s), aside from your attorney, that you have communicated with, regardless of medium used (including, but not limited to social media messages/ posts, text messages, telephone conversations, etc.), regarding the underlying facts and circumstances of this case.

**REQUEST FOR PRODUCTION NO. 24:** Please produce for inspection and copying each document, thing or item of tangible evidence which you rely on as a basis for your response to the preceding Interrogatory No. 24.

**INTERROGATORY NO. 25:** Please explain in specific detail the reason you were in the home on the date of the incident, your relationship to the home's owner, how long you had been there, what you were doing immediately before the incident, and whether you had witnessed any illegal actions take place in the home in the twenty-four hours prior to the incident.

## REQUESTS FOR ADMISSIONS

**REQUEST FOR ADMISSION NO. 1:** Please admit that the home you were in at the time of the incident was known for selling drugs.

**REQUEST FOR ADMISSION NO. 2:** Please admit that you are affiliated with a gang.

**REQUEST FOR ADMISSION NO. 3:** Please admit that in the twenty-four hours prior to the this incident, one of the people in the home with you sold drugs to a confidential informant.

**REQUEST FOR ADMISSION NO. 4:** Please admit that drugs and scales were found in the home as a result of this search.

**REQUEST FOR ADMISSION NO. 5:** Please admit that you were arrested as a result of

this search.

**REQUEST FOR ADMISSION NO. 6:** Please admit that on the day that is the subject of this lawsuit, the Coahoma County Sheriff's Department and Clarksdale Police Department knocked and announced their presence.

**REQUEST FOR ADMISSION NO. 7:** Please admit that you have not been to see a psychologist or psychiatrist for extreme emotional distress and/or mental anxiety.

**RESPECTFULLY SUBMITTED** this the 27th day of November, 2020.

          **JACKS | GRIFFITH | LUCIANO, P.A.**

By:   /s/ ***Bethany A. Tarpley***
      Daniel J. Griffith, MS Bar No. 8366
      Bethany A. Tarpley, MS Bar No. 104134
      Attorneys for the Coahoma County Defendants

Of Counsel:

**JACKS | GRIFFITH | LUCIANO, P.A.**
P. O. Box 1209
150 North Sharpe Avenue
Cleveland, MS 38732
telephone: (662) 843-6171
facsimile: (662) 843-6176
cell: (662) 721-7323
Email: dgriffith@jlpalaw.com
      btarpley@jlpalaw.com
www.jlpalaw.com

## CERTIFICATE OF SERVICE

I, Bethany A. Tarpley, attorney of record for Coahoma County Defendants, do hereby certify that I have this day caused a true and correct copy of the above and foregoing *Defendants' First Set of Discovery to Plaintiff Ladayton Williams* to be delivered by the ECF Filing System and electronic mail which gave notice to all counsel of record who have appeared herein.

> Garrett Tyjuan Estes, Esq.
> John Keith Perry, Jr., Esq.
> Perry Griffin, PC
> Email: ge@perrygriffin.com
> jkp@perrygriffin.com
> **Attorneys for Plaintiffs**
>
> Michael S. Carr, Esq.
> Carr Law Firm
> Email: mcarr@carrlawpllc.com

**DATED** this 27th day of November, 2020.

/s/ ***Bethany A. Tarpley***
Bethany A. Tarpley

EXHIBIT D