**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**MAURICE MASON, ET AL.**                                                **PLAINTIFFS**

**v.**                                                                 **NO.: 4:20-CV-164-DMB-JMV**

**CITY OF CLARKSDALE, ET AL.**                                     **DEFENDANTS**

**ORDER**

This matter is before the court on the Plaintiff's Amended Motion for Leave to File Responses to Request for Admissions [51]. The matter has now been fully briefed and the court is prepared to rule. As explained below, the court finds that the Requests for Admissions will, with the exception of two, stand deemed admitted.

**Background**

Plaintiff's complaint, filed on September 17, 2020, reads, in part:

> Plaintiffs allege that Defendants, jointly and/or severally, deprived them of their Fourth Amendment right, and those rights, privileges, and immunities secured by the Fifth and Eighth Amendments to the Constitution as incorporated and applied to the states through the Fourteenth Amendment. Defendants violated Plaintiff's rights in the following ways: A. By falsely arresting Plaintiffs in violation of the Fourth Amendment and its reasonableness standard to be free from unreasonable, unlawful search and seizure, when no probable cause existed to make an arrest; B. By using excessive force when detaining Plaintiffs; C. By failing to intervene while companion Defendant Officer violated Plaintiffs' constitutional rights. D. By failing to provide supervision and/or proper training to prevent such incidents of excessive force and false arrest. Defendants' violations of Plaintiffs' constitutional rights resulted in their suffering and were a direct cause of their injuries.

Trial in this case is set for March 28, 2022. Discovery commenced on November 10, 2020 and will expire on July 30, 2021. On November 27, 2020, the Defendants filed their First Set of Interrogatories, Requests for Production of Documents, and Requests for Admissions to Plaintiffs

Maurice Mason and Ladyton Williams. *See* Docs. 32 and 33. On or about December 28, 2020, only Plaintiff Maurice Mason filed his responses to Defendants' Interrogatories, Requests for Production of Documents, and Requests for Admission. *See* Doc. 38. Plaintiff Ladyton Williams failed to answer his. On April 20, 2021, Defendants sent a good faith letter to Plaintiff's counsel regarding Ladyton Williams' outstanding discovery, and therein asserted the Requests for Admissions, which were more than thirty days past due were deemed admitted pursuant to FED. R. CIV. P. 36. Plaintiffs' counsel responded with its own letter on April 27, 2021, asserting that in his opinion the Requests for Admissions were not automatically deemed admitted under the applicable rule. At the same time, on April 27, 2021, Plaintiffs filed Ladyton Williams Responses to Requests for Admissions without leave of Court. *See* Doc. 47. Then, on May 7, 2021, Plaintiff's counsel, having apparently re-thought his position, moved for leave to file a Motion for Leave to File Response to Request for Admissions, citing in support thereof Rule15 of the Federal Rules of Civil Procedure. *See* Doc. 51. Defendants responded on May 21, 2021. *See* Doc. 54. Plaintiff filed a Reply in Support on May 27, 2021. *See* Doc. 59.

On May 28, 2021, the undersigned noticed a hearing on Plaintiff's motion for June 2, 2021. *See* Doc. 60. On June 2, 2021, the parties attended the hearing and presented their arguments. The undersigned ultimately deferred ruling on Plaintiff's Motion pursuant to Rule 36 and extended the CMO deadlines. *See* Doc. 63. The undersigned also ordered the parties respectively to supplement the pending motion to set aside deemed admissions "addressing therein, with respect to each request for admission at issue, the requisite legal standard for doing so" and the opposition thereto." *Id.* Plaintiff filed his Supplemental Brief to Motion for Leave to File Responses to Requests for Admissions on July 15, 2021. *See* Doc. 69. The Response in Opposition was filed by Defendants on July 22, 202. *See* Doc. 73.

**The Law and Analysis**

FED. R. CIV. P. 36 (a)(1) states

> [a] party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents;

FED. R. CIV. P. 36(a)(3) states

> [a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court.
> FED. R. CIV. P. 36(a)(3); and

FED. R. CIV. P. 36(a)(4) states

> [i]f a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Finally, pursuant to FED. R. CIV. P. 36(b), a matter admitted under this rule is conclusively established unless the court permits the admission to be withdrawn or amended which requires the Court to find that the withdrawal "(1) would promote the presentation of the merits of the action, and (2) would [not] prejudice the requesting party in maintaining or defending the action on the merits.

In applying these rules, the court has considerable discretion to permit withdrawal or amendment, but a deemed admission may only be withdrawn when the moving party satisfies the conditions set forth in Rule 36(b). *American Auto. Ass'n v. AAA Legal Clinic,* 930 1117, 1119 (5th Cir.1991); And, even when Rule 36(b)'s two-factor test has been satisfied, the district court "still has discretion to deny a request to withdraw or amend an admission." *In re Carney,* 258 F.3d 415, 419 (5th Cir.2001). Even where the presentation of the merits of a case would be eliminated, other factors considered are whether the plaintiff has demonstrated that the merits would be served by advancing evidence showing "the admission is contrary to the record of the case," or that the admission "is no longer true because of changed circumstances or [that] through an honest error a party has made an improvident admission." *Id.*

In the instant case, as discussed below on a request-by-request basis, although the court is unpersuaded that the withdrawal of any of the deemed admissions would prejudice the defendants in presentation of their case, the court finds, with two exceptions, that the plaintiff has failed to establish that the withdrawal of the admissions will promote the presentation of the case on its merits and therefore holds that those deemed admissions will stand.

> **Request for Admission No. 1**: Please admit that the home you were in at the time of the incident was known for selling drugs.
>
> **[Proposed Amended] RESPONSE**: Plaintiff is without sufficient information to admit or deny, it is therefore deemed denied.

As a basis for the proposed amended response, Plaintiff asserts:

> > Plaintiff contends this admission goes directly to whether the Defendants entered into the home illegally. Such an assertion also amounts to speculation and would even call for the Plaintiff to speculate. Plaintiff would deny that the home he was in was known for selling drugs. It was Defendant Deputy Eddie Earl that allegedly obtained the warrant for the home. Given Deputy Earl's history of providing false information, Plaintiff contends the Deputy Earl obtained the warrant with false information, and the Defendants

> ultimately had no authority or probable cause to lawfully enter the home. Furthermore, this assertion would negatively impact the remaining plaintiffs and be in direct contradiction with their own responses to discovery, as they have denied the same admission in their own individual responses. *See attached responses to request for admissions from named Plaintiffs Ollie Hardmon and Willie Joe Saffold as Exhibit "A"* and Exhibit B (exhibits omitted)

In opposition to this rationale, the Defendant asserts that this admission does not go to whether the Defendants entered into the home illegally.

> Regardless of whether the home in question was known for selling drugs, Defendants still procured and executed an appropriate warrant that was signed by a Circuit Court Judge. This may be a disputed fact, but the issue is not case dispositive, does not eliminate Mr. Williams's ability to present this case on the merits, is not contrary to the record and is still true (as Defendants found drugs and drug-selling paraphernalia in the home). *See Aircraft*, 2021 U.S. Dist. LEXIS 111443 at *4-*5; *Gomez*, 2017 U.S. Dist. LEXIS 25922, at *17-*18. Mr. Williams fails to meet his burden that this request should not be admitted.

In the undersigned's view, though there has been no demonstration of any actual prejudice by defendants—as is the case with all the requests for admissions—plaintiff has not demonstrated that whether the subject home was "known for selling drugs" is dispositive of any essential element of the claim(s) at issue. Accordingly, the deemed admission to Request No.1 will stand.[1]

As for the **Request for Admission No. 2**: Please admit that you are affiliated with a gang.

---

[1] Even if the undersigned found that the admission could be withdrawn, the proposed amended answer is not proper in any event. Under FED. R. CIV. P. 36 (a) (4) a party is required to state in detail why it cannot admit or deny a request. And, while a party may assert it is without sufficient information or knowledge to admit or deny and therefore denies it, it may only do so if it confirms in its response that it has made reasonable inquiry and the information it knows or can readily obtain is insufficient to enable it to admit or deny it. In this case, Plaintiff has not done so, and this is not the first occasion on which plaintiff has failed to comply with the Federal Rules of Civil Procedure. For example, Plaintiff did not timely file responses to the request for admission, waiting four months from the time Plaintiff's answers to admissions were due under FED. R. CIV. P. 36 to file the instant motion to withdraw the admissions and in excuse therefore offers only the following: "Response to Request for Admissions was delayed as part of the request to the other three plaintiffs in the same case." Plaintiff also purported to file responses to the overdue requests for admission without seeking leave of court to do so; and later Plaintiff filed a motion for leave to file out of time responses to the requests – not pursuant to FED. R. CIV. P. 36 and its requisites, but, improperly, pursuant R. 15 (and he did so without accompanying memorandum as required by local rule).

Plaintiff proposes the following **[Proposed Amended] RESPONSE**: Denied. In support of allowing this amended response, Plaintiff contends:

> Plaintiff contends that this admission implies a false narrative that Plaintiff may be violent and that the Defendants were justified in their approach and actions in seizing the Plaintiffs. Plaintiff would deny that he is affiliated with a gang. Furthermore, this goes to the heart of the issue that Defendants had no cause to apply the use force that took place during this incident.

In opposition to the rationale for the proposed amendment, the Defendant argues, "whether or not Mr. Williams is, or was, in a gang has no import to the analysis of whether his constitutional rights were violated. While this may be a factual dispute, it is certainly not case dispositive."

The court finds Defendant's argument persuasive for essentially the same rational as expressed above with respect to request for Admission No.1. Namely, Plaintiff William's gang status has not been demonstrated by him to be dispositive of any element of his claims in this case. Plaintiff's deemed Admission will stand.

As for **Request for Admission No. 3**, "Please admit that in the twenty-four hours prior to this incident, one of the people in the home with you sold drugs to a confidential informant. Plaintiff proposes the following **[Proposed amended] Response**: "Plaintiff is without sufficient information to admit or deny. Therefore, it is deemed denied."

In support of allowing the amended response, the Plaintiff argues

> that this admission again goes directly to the issue as to whether Defendants had authority of law or probable cause to enter into the home on the morning in question. As previously stated, Deputy Earl's disciplinary history, which includes providing false information, brings his credibility into the information that he provided a court for a warrant at issue. Plaintiff contends that the Deputies entered the home on the bases of a warrant obtained with false information in violation of his Fourth Amendment right. Furthermore, this assertion would negatively impact the remaining plaintiffs and be in direct contradiction with their own responses to discovery, as they have denied the same admission in their

> individual responses to requests for admissions. *See attached responses to request for admissions from other named Plaintiffs Ollie Hardmon and Willie Joe Saffold as Exhibit "A" and Exhibit "B".*

In opposition to this rationale, the Defendant states:

> Mr. Williams contends that admission of this request goes directly to the issue of whether Defendants had authority of law or probable cause to enter into the home on the morning in question…Again, regardless of whether or not one of the people in the home sold drugs to a CI, the Defendants still must still go through the proper steps to obtain a search warrant–which they did in this case. This may be a disputed fact, but the issue is not case dispositive, does not eliminate Mr. Williams's ability to present this case on the merits, is not contrary to the record and is still true (as Defendants found drugs and drug-selling paraphernalia in the home). *See Aircraft*, 2021 U.S. Dist. LEXIS 111443 at *4-*5; *Gomez*, 2017 U.S. Dist. LEXIS 25922, at *17-*18. Mr. Williams fails to meet his burden that this request should not be admitted.

The court is unpersuaded that withdrawal of the subject admission will promote the presentation of the merits for the same rational as that set forth above. In short, aside from a conclusory allegation, there is no demonstration or explanation of how an admission that one of the plaintiffs in the home sold drugs earlier that day to a confidential informant resolves an element of a claim of Mr. Williams.[2]

As for **Request for Admission No. 4**: Please admit that drugs and scales were found in the home as a result of the warrant. Plaintiff proposes the following Proposed Amended **Response**: "Plaintiff has no knowledge of drugs and scales being found in the home because of a warrant and no knowledge if drugs and scale were present in the home."

Plaintiff contends this Request:

> [G]oes to the heart of the issue of the misconduct of the Defendants in unlawfully forcing their way into the home and subsequently discharging their weapons indiscriminately in the small home.

---

[2] Like the proposed response to Request for Admission No. 1, the court also finds the proposed amended response to this request to be, in any event, itself improper under Rule 36.

> Plaintiff is unaware of the actions the Defendants took after the Plaintiffs were brought out of the home. In addition, given the disciplinary history of Deputy Eddie Earl, as well as Eric Bilbro, an issue in the case yet to be determined or explored through discovery is whether the items that were found were placed in the area they were discovered in an effort to cover up or justify the heinous constitutional violations on the Plaintiffs. Furthermore, Plaintiffs are still gathering information from witnesses that may be to attest to this very matter. Allowing this admission to be deemed admitted would also negatively impact the other named Plaintiffs as it bears the potential of negatively implicating them or associating them with alleged illegal activity.

Defendants contend:

> Plaintiff admits that drugs and scales were found in the home as a result of the warrant. *See* Doc. 72 ("[A]n issue in the case yet to be determined or explored through discovery is whether *the items that were found* were placed in the area *they were discovered*[.]" Indeed, Plaintiff even provides an explanation as to how and why drugs and scales *were, in fact, found in the home.* To the extent that a response is necessary to address Plaintiff's argument, drugs and paraphernalia actually found in the home after the *alleged* unlawful entry and weapons discharge does not affect the lawfulness of the Deputies' warrant, entry, or weapons discharge. In other words, a successful drug bust does not negate potential violations of a plaintiff's constitutional rights, just as an unsuccessful drug bust does not indicate that officers were acting unconstitutionally. Accordingly, the admission of this request would not "have the practical effect of eliminating any presentation of the merits of the case []," is not contrary to the record, and is still true. *Aircraft*, 2021 U.S. Dist. LEXIS 111443 at *4-*5.

As with the prior request for admissions, the court is not persuaded that withdrawal of the admission would promote presentation of the merits and, again, plaintiff has not demonstrated or explained otherwise.[3]

As for the **Request for Admission No. 5**: Please admit that on the day that is the subject of this lawsuit, the Coahoma County Sheriff's Department and Clarksdale Police Department

---

[3] And of course, the undersigned does not have the authority to, and makes no finding with regard to, the admissibility under the Federal Rules of Evidence of any admission addressed herein.

knocked and announced their presence. Plaintiff proposes the following **Proposed Amended Response**: "Denied."

In support of the proposed amended response, Plaintiff states:

> [He]would contend that this admission goes directly to the heart of the case. Plaintiff contends that Defendants unlawfully entered into the home he was in on the morning in question, and that Defendants entered the home without warning and immediately began discharging their weapons. If Defendants truly knocked and announced their presence, Plaintiff and the others inside would have complied after being presented with the warrant. However, Defendants did no such knock and made no such announcement as Plaintiff Maurice Mason can testify to, as he was awake at the time the Defendants entered into the home and immediately began discharging their weapons. Furthermore, this assertion would negatively impact the remaining plaintiffs and be in direct contradiction with their own responses to discovery, as they have denied the same admission in their own responses to requests for admissions. *See attached responses to request for admissions from named Plaintiffs Ollie Hardmon and Willie Joe Saffold as Exhibit "A" and Exhibit "B".* It goes to prove that the actions of the Defendants were unreasonable and excessive in light of the circumstances of the incident.

In opposition to this rationale, Defendants assert:

> Mr. Williams maintains that this admission goes directly to whether Defendants unlawfully entered the home in question. *See* Doc. 72. Again, this is not true. The lawfulness of whether Defendants lawfully entered the home in question hinges on the search warrant the Defendants obtained, and a Circuit Judge signed, to enter the premises. Further, Mr. Williams has alleged multiple causes of action here, as such, admission of the issue is not case dispositive, does not eliminate Mr. Williams's ability to present this case on the merits, is not contrary to the record and is still true. *See Aircraft*, 2021 U.S. Dist. LEXIS 111443 at *4-*5; *Gomez*, 2017 U.S. Dist. LEXIS 25922, at *17-*18. Mr. Williams fails to meet his burden that this request should not be admitted.

With respect to this request for admission, the court finds that the admission goes to an element of plaintiffs claim – asserted, as set forth above, in the complaint – to the effect that the defendant officers unconstitutionally failed to knock and announce the search warrant at issue. The

court further finds that the defendant has not demonstrated any actual prejudice from the withdrawal of the admission. Accordingly, the court will permit the withdrawal of the admission to Request No. 5 and allow its replacement with the proposed denial.

As for the **Request for Admission No 6.**: Please admit that you have not been to see a psychologist or psychiatrist for extreme emotional distress and/or mental anxiety. The Plaintiff's **Proposed Amended Response**: Plaintiff is without sufficient information to admit or deny. Therefore, it is deemed denied.

For its part, the defense does not oppose withdrawal of the admission of this Request, and the court notes it goes to the damages element of the claims. Accordingly, the admission is withdrawn. Nevertheless, the proposed amended response must be amended within 3 business days hereof to state, in accord with FED. R. CIV. P. 36 discussed above, that the plaintiff has made inquiry and he can't obtain the information necessary to admit or deny the claim. Should the plaintiff be unable to so state truthfully, the request shall be admitted or denied without qualification.

In conclusion, with the exception of Requests for Admission no 5 and 6, the withdrawal of the admission of which will be permitted, the deemed admissions will stand.

**SO ORDERED**, this, the 12th day of August 2021.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**